**Ralph A. RENFRO; Josephine Renfro, Plaintiffs–Appellants,**

v.

**CUYAHOGA COUNTY DEPARTMENT OF HUMAN SERVICES, Defendant–Appellee.**

No. 89–3007.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 10, 1989.

Decided Sept. 18, 1989.

* The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee,

Richard J. Marco (argued), Marco & Marco, Medina, Ohio, for Ralph A. Renfro and Josephine Diane Renfro, plaintiffs-appellants.

Colleen C. Cooney (argued), Office of the Pros. Atty., Cleveland, Ohio, for Cuyahoga County Dept. of Human Services, defendant-appellee.

Before KEITH and GUY, Circuit Judges, and HULL, Chief U.S. District Judge.*

KEITH, Circuit Judge:

Appellants, Ralph A. and Josephine Diane Renfro ("the Renfros") appeal the district court's order dismissing their § 1983 action and pendent state claims against the Cuyahoga County Department of Human Services ("DHS"). The district court dismissed the Renfros lawsuit pursuant to DHS's motion. The district court held that the Renfros failed to state a claim on which relief could be granted. For the reasons set forth below, we AFFIRM.

sitting by designation.

## I.

The Renfros are foster parents licensed by DHS. In August, 1981 a fourteen-month old girl, Sonya Ellison, was placed with the Renfros. Sonya remained with the Renfros without mishap until September, 1987. In June of 1987, DHS arranged a visit between Sonya and her natural father. According to the Renfros, this visit and the anticipation of future visits caused Sonya to experience severe emotional problems. Sonya became anxious, had nightmares and wet herself daily. As a result of this change in Sonya's behavior, the August visit was cancelled. DHS scheduled another visit with Sonya's father for September 11, 1987. When Sonya was picked up for the September visit, a DHS social worker discovered a three inch bruise on Sonya's bottom. DHS immediately investigated this suspected child abuse and refused to return Sonya to the Renfro home. The Renfros claim that Sonya received the bruise when she fell off her scooter.

DHS did not conduct a hearing on Sonya's removal until March 25, 1988, despite repeated requests from the Renfros and the guidelines of the Foster Family Manual. Dissatisfied with the hearing and the failure of DHS to return Sonya to their home, the Renfros filed this action.

## II.

The Renfros contend that DHS's investigation was incomplete and not conducted in the best interest of the child. Moreover, the Renfros argue that the six month delay in holding the required hearing and DHS's failure to provide them with a post-hearing report summarizing the reasons for Sonya's removal, deprived them of their constitutionally protected liberty interest without due process of law. The Renfros allege that their six year relationship with Sonya is a liberty interest entitling them to the due process protections of the United States Constitution.

While this court recognizes the strong emotional bond that might evolve in a foster care situation, we hesitate to characterize this relationship as a constitutionally protected liberty interest. The nature of the foster care relationship is distinctly different from that of the natural family; namely, it is a temporary arrangement created by state and contractual agreements. See *Sherrad v. Owens*, 484 F.Supp. 728 (W.D.Mich.1980), *aff'd.*, 644 F.2d 542 (6th Cir.1981).

Under Ohio law, the rights and limitations of the foster care relationship are clearly defined. Foster parents have no mechanism to challenge the removal of a foster child from their care; they have no statutory right to a hearing either before or after the child has been removed; nor are they entitled to a written explanation for the agency's action or an appeal. Ohio Admin.Code § 5101:2–47 (Title IV–E Program, 1988) and § 5139,23–04 (Standards for For Foster Homes; Approval, Non–Approval, Revocation Process, 1988). The temporary nature of the foster care relationship provides sufficient notice to all participants that their rights are limited. Therefore, the Renfros argument that these rigid legal guidelines ignore the special relationship which developed during the six years Sonya was in their care is insufficient to support a § 1983 action. Accordingly, the district court properly dismissed the Renfros complaint for failing to state a claim upon which relief could be granted.[1]

The judgment of the district court is AFFIRMED.

---

1. Since the district court properly dismissed the federal claim it was also appropriate to dismiss the pendent state claims. *See United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).