OPINION
Appellants, William and Paula Clements, former foster parents of Amber Winkle ("Amber"), appeal a decision of the Butler County Court of Common Pleas, Juvenile Division, dismissing their motion to intervene and for a hearing on Amber's removal from their home by appellee, Butler County Children Services Board ("BCCSB").
Amber was adjudicated a dependent child and was placed with appellants by BCCSB in July 1995. In December 1995, BCCSB was granted permanent custody of Amber. BCCSB subsequently removed Amber from appellants' home in August 1996 without notice or explanation. Appellants filed a motion to intervene in Amber's case and for a hearing to determine if BCCSB acted properly in removing Amber from appellants' foster care.
The juvenile court dismissed appellants' motion but did schedule a review of Amber's placement arrangements pursuant to R.C.2151.417.[1] The court's entry stated that appellants would be called as witnesses and that appellants' attorney could be present during their testimony but could only participate through Amber's guardian ad litem ("GAL"). The court indicated that aside from their testimony as witnesses, appellants could not be present at the hearing, but could provide the GAL with a list of potential witnesses. Appellants could also submit the names of any witnesses refused by the GAL to the court.
Appellants appeal from the juvenile court's decision, raising the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT REFUSED TO ALLOW THEM TO INTERVENE IN THE UNDERLYING ACTION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT REFUSED TO ALLOW THEM OR THEIR ATTORNEY TO REMAIN IN THE COURTROOM FOR THE REVIEW HEARING.
Appellants argue in their first assignment of error that the juvenile court should have allowed them to become parties because Amber was in their foster care for over a year, BCCSB was aware that appellants wished to adopt Amber, and appellants were the best equipped to bring factors relating to Amber's best interest to the court's attention due to their familiarity with the child.
Juv.R. 2(X) defines a "party" as:
 a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any person specifically designated by the court.
Since foster parents are not expressly included under the rule, the decision on whether to order foster parents joined as parties in a juvenile proceeding is a matter left to the sound discretion of the juvenile court and will not be reversed absent an abuse of that discretion. In re Ring (June 28, 1994), Franklin App. No. 93APF12-1693, unreported. An abuse of discretion indicates that the court's decision was arbitrary, unreasonable and unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Civ.R. 24(A) addresses intervention and has been looked to by juvenile courts to provide parameters for the exercise of their discretion. The rule provides that:
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest in adequately represented by existing parties.
Appellants rely on In re Moorehead (1991), 75 Ohio App.3d 711. In that case, the foster parents moved under R.C. 2151.417 for custody of their former foster child as well as a review of the agency's action in removing the child from the foster parent's home. The court determined that under R.C. 2151.417(B), the juvenile court had continuing jurisdiction over its dispositional order and could amend that order pursuant to R.C. 2151.353(E)(2).
The Moorehead court noted that R.C. 2151.353(E)(2) provides that a hearing held upon a party's motion to modify a prior dispositional order is held "as if the hearing were the original dispositional hearing." The court concluded that if the foster parents filed their motion for custody prior to the R.C. 2151.417
review, the juvenile court could hear and decide the motion utilizing the dispositional alternatives of R.C. 2151.353(A). Moorehead, 75 Ohio App.3d at 716-717.
In Moorehead, the court also noted that because the juvenile court on an R.C. 2151.416 administrative review could make orders relating to a child's custody, and because under R.C. 2151.416(G) the juvenile court could terminate the agency's custody, "[i]t is appropriate that the * * * foster parents charged with the daily responsibility for Andrea's welfare, could seek a review of [the children services board's] actions regarding the long-term plan for the child." Id. at 718.
Appellants in the instant case did not file a motion seeking to amend the prior disposition of permanent custody to BCCSB. Consequently, our review is not in the context of a motion to award custody of Amber to appellants. Therefore, the issue in Moorehead of whether foster parents may use R.C. 2151.417 and2151.353 as vehicles to seek post-disposition custody is not applicable to this case.
Appellants also argue that their interest in this matter is to determine what is in Amber's best interest and that appellants' relationship with the child places them in the best position to assist the court with meaningful information. The child's best interest, however, is "better represented by the neutral guardian ad litem than by the foster parents, whose own interest may color their view of the child's." In re Hunt (Nov. 26, 1985), Lawrence App. No. 1762, unreported. Appellants' interest is therefore adequately represented by the guardian ad litem who is an existing party to the proceeding.
Appellants moved to intervene as parties and to participate in a hearing to determine the propriety of BCCSB's removal of Amber from their foster care. The Ninth District Court of Appeals addressed this issue in In re Baatz (Aug. 11, 1993), Lorain App. Nos. 92CA005478, 92CA005479, unreported, and concluded that:
 Under Ohio law, the rights and limitations of the foster care relationship are clearly defined. Foster parents have no mechanism to challenge the removal of a foster child from their care; they have no statutory right to a hearing either before of after the child has been removed; nor are they entitled to a written explanation for the agency's decision or an appeal. * * * The temporary nature of the foster care relationship provides sufficient notice to all participants that their rights are limited.
Id., quoting Renfro v. Cuyahoga Cty. Dept. of Human Serv. (C.A. 6, 1989), 884 F.2d 943, 944.
Foster parents care for a child as agents of the children services board, which is the child's legal custodian. In re Smith (Feb. 18, 1994), Allen App. No. 1-93-74, unreported. Although appellants argue that they intended to adopt Amber, "the juvenile court is not concerned with who should adopt the child." In re Thompson (Apr. 18, 1995), Franklin App. No. 94APF08-1144, unreported. Appellants retain the right to pursue adoption of Amber through the probate court. See Ring, Franklin App. No. 93APF12-1693, unreported at 4. Appellants' arguments are not well-taken and their first assignment of error is overruled.
Appellants argue in their second assignment of error that the trial court erred in excluding them from the review hearing. Appellants contend that unless a juvenile court conducts a closure hearing, any person is entitled to be present during a juvenile proceeding.
In this case, the court indicated that appellants would be called as witnesses at the review hearing and could not be present other than to testify. Generally, the separation of witnesses is a matter within the discretion of the trial court. In re Vaughn (Aug. 13, 1990), Butler App. No. CA89-11-162, unreported, citing Oakwood v. Makar (1983), 11 Ohio App.3d 46,48.
The juvenile court indicated that appellants' counsel could be present during appellants' testimony and could participate through the guardian ad litem. The court also allowed appellants to submit a list of witnesses to the guardian ad litem, and to submit witness names and the subject of their testimony to the court if refused by the guardian ad litem. These actions were within the juvenile court's discretion and do not constitute an abuse of discretion. Appellants' second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2151.417 states in part:
 (A) Any court that issues a dispositional order pursuant to section 2151.353 * * * may review at any time the child's placement or custody arrangement, the case plan prepared for the child * * * the actions of the public children services agency * * * in implementing that case plan, and any other aspects of the child's placement or custody arrangement.