OPINION
JOHNSON, Associate Justice.
Mother and her uncle appeal from a permanent plan order in this juvenile dependency case. The trial court assumed jurisdiction over the child under Tribal Code Section 7.11(a) on June 27, 2002. The Court held a permanency plan review hearing under Tribal Code Section 7.14(c)(10) on October 22 and December 11, 2003, at which it changed the permanent plan from “Return of Custody” to “Adoption.” See Tribal Code § 7.14(c)(4). The permanent plan order is a final order for the purposes of appeal. Tribal Code S 7.14(d). We exercise jurisdiction under Tribal Code Section 310(h)(2) and affirm.
A detailed recitation of the case would violate the child’s privacy and is not necessary to explain the basis for this Court’s decision. Appellants have questioned the standard of proof applicable to this matter before the trial court. Permanency plan hearings fall in the “catch-all” provision of Tribal Code Section 7.10(k)(8), and the standard of proof is a preponderance of the evidence. No higher' standard *94 of proof is required by the Indian Civil Rights Act .at this stage of. the. proceedings. See 25 USC § 1302(8); cf. In re Sabrina M., 400 A.2d 1000, 1015-1(5 (Me. 1983) (interpreting the similar provisions of U.S. Const Amend XIV, § 1). With respect to mother, and distinguished from an order terminating her parental rights, the permanent plan order itself is neither final nor irrevocable. See Sabrina M.; cf. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (parental rights termination). With respect to her uncle, who previously served in the role of a foster parent, there simply is no liberty interest at stake. Cf. Renfro v. Cuyahoga Cty. Dept. of Human Servs., 884 F.2d 943 (6th Cir.1989) (interpreting 42 USC § 1983).
The rest of appellants’ arguments question the trial court’s selection of adoption as the permanent plan over other options listed in Tribal Code Section 7.14(c)(4) or suggested by appellants. Appellants submit, correctly, that Tribal Code Section 310(h)(2) empowers us to review “for error.” We have held, however, that prudential concerns will lead us not to review every trial court decision de novo. Pearsall v. Tribal Council, No. A-03-02-002, 2004 WL 55992(54, at. *2, 5 Am. Tribal Law 58, 61, 2004 WL 5599264 (Grand Ronde 2004); [1] see also Synowski v. Confederated Tribes of Grand Ronde, No. A-01-10-001, 4 Am. Tribal Law 122, 124, 2003 WL 25756097, at *1- n. 3 (Grand Ronde 2003). [2] Here, there is no question of the trial court’s having committed legal error. Rather, the court was presented with a variety of different legally permissible options and selected one of them as being in the child’s best interests. See Tribal Code § 7.14(c)(7)(C). The judge had at her disposal not only the report from the Tribe’s Indian Child Welfare (ICW) Program but the live testimony of the ICW caseworker, both appellants, the child’s grandfather, and the child’s foster parents. Under these circumstances, on a cold record, we decline to disturb the trial judge’s choice without a showing that she abused the discretion entrusted to her by the statute. Appellants make no such showing here.
AFFIRMED.
WE CONCUR: ROBERT J. MILLER, Chief Justice, DAVID B. THOMPSON, Associate Justice.

. http://grandronde.org/court/Published Opinions/appeals/pearsall aO302OO2.pdf.

. http:// grandronde.org/court/PublisheclOpin-ions/SynowskiAppeal.PDF.