[Cite as *In re J.B.*, 2011-Ohio-4830.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96652**

# IN RE: J.B.
# A Minor Child

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 09901437

**BEFORE:** Jones, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

**ATTORNEY FOR APPELLANTS**

Cheryl A. Alikhan
14427 Shireen Drive
Strongsville, Ohio 44149


**ATTORNEYS FOR APPELLEES**

**For C.C.D.C.F.S.**

William D. Mason
Cuyahoga County Prosecutor

BY: Michelle A. Myers
Assistant Prosecuting Attorney
C.C.D.C.F.S.
3955 Euclid Avenue, Room 313E
Cleveland, Ohio 44115

**For R.B.**

William Weston
20545 Center Ridge Road
Suite 424
Rocky River, Ohio 44116

**For R.B.**

Suzanne Piccorelli
255 Falmouth Drive
Rocky River, Ohio 44116

**For Lawrence Black**

Lawrence Black, Pro se
1001 East 77th Street
Cleveland, Ohio 44103


**Attorneys continued**

**For Angelique Cunningham**

Carla Golubovic
P.O. Box 29127
Parma, Ohio 44129

**Guardian Ad Litem For Child**

Michael B. Granito
24400 Highland Road
Suite 162
Richmond Hts., Ohio 44143

**Guardian Ad Litem for Mother**

Troy M. Hough
24298 Beech Lane
North Olmsted, Ohio 44070

LARRY A. JONES, J.:

**{¶ 1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

**{¶ 2}** Appellants, foster parents John and Emily Gallagher, appeal the trial court's judgment denying their motion to intervene and dismissing their motion for legal custody. We affirm.

I

**{¶ 3}** In January 2009, the Cuyahoga County Department of Children and Family Services ("CCDCFS" or "Agency") filed a complaint alleging J.B., a minor child, to be

abused and neglected, requesting a disposition of temporary custody, and requesting predispositional temporary custody. As a result of those filings, J.B. was committed to the emergency custody of the Agency in February 2009. In May 2009, the court found J.B. to be a neglected and dependent child. In June 2009, the child was committed to the temporary custody of the Agency. The Gallaghers became J.B.'s foster parents.

{¶ 4} Motions for legal custody of J.B. were filed by the child's maternal great-grandmother, maternal grandfather, and maternal grandmother. The Agency filed a motion under R.C. 2151.414 to modify the temporary custody order to permanent custody.

{¶ 5} The Gallaghers also filed motions to intervene and for legal custody of J.B. A hearing was held on the Gallaghers' motions and counsel for the above-mentioned interested persons, along with counsel for J.B., Mother (a minor), alleged Father, Mother's guardian ad litem, and J.B.'s guardian ad litem, were present and permitted to participate. The trial court subsequently issued a decision denying the Gallaghers' motion to intervene and dismissing their motion for legal custody. The Gallaghers appeal from that decision and raise the following assignments of error:

> "I. The trial court abused its discretion in granting party status to all family members of J.B. knowing fully well that the Cuyahoga County Department of Children and Family Services (C.C.D.C.F.S.) had already vetted the relatives and found them to be unsuitable placements for J.B.
>
> "II. The trial court's failure to give notice of the scheduled hearings in the matter of J.B. to her foster parents, appellants, was prejudicial error because it denied them the opportunity to present evidence pursuant to law.

"III.   The trial court erred in dismissing appellants' motion for custody without a hearing."

II

{¶ 6}   As stated above, the trial court held a hearing on the Gallaghers' motions and they were present and participated in the hearing.   The second and third assignments of error are therefore without merit.

{¶ 7}   The issue in this appeal is whether the Gallaghers, as foster parents, have standing to intervene in the permanent custody proceeding.   In *In re C.J. & M.B.*, Cuyahoga App. Nos. 94210 and 94233, 2010-Ohio-3202, this court addressed the issue of standing of an interested person in a juvenile custody case.   There, the daughter of the children's foster mother sought to intervene in the action.   Reviewing the issue of standing de novo, this court looked to Juv.R. 2(Y) for guidance.   Id. at ¶15, citing *Skirvin v. Kidd*, 174 Ohio App.3d 273, 2007-Ohio-7179, 881 N.E.2d 914, ¶14.

{¶ 8}   Juv.R. 2(Y) defines "party" as "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."

{¶ 9}   Finding that the appellant did not have standing, this court cited *Matter of Smith* (Feb. 18, 1994), Allen App. No. 1-93-74.   In *Smith*, the Third Appellate District addressed a situation where the child's foster parents filed a motion to intervene, claiming

that they wished to adopt the child. Citing the definition of "party" under the Juvenile Rules,[1] the court held that "unless the court specifically orders a child's foster parents to be joined in a custody action, foster parents have no right under the rules of juvenile procedure to participate as parties in the adjudication of the rights of natural parents and their children." Id., citing *In Matter of Hunt* (Nov. 26, 1985), Lawrence App. No. 1762.

{¶ 10} The Third District reasoned that "[i]ndeed, the rights of foster parents respective to a child in their care are quite limited. Such persons care for a dependent or neglected child only as agents for the state, who is the child's permanent or temporary legal custodian, in most cases." *Smith*, citing *In re Palmer* (Apr. 12, 1983), Stark App. No. CA-6026.

{¶ 11} In *Hunt*, the Fourth Appellate District held that when the issue is the permanent deprivation of parental rights, the foster parents' interests are too remote to justify adding the foster parents as parties. The court therefore rejected the foster parents' claim that they represented the interests of the children, noting that the children's interests were better represented by a neutral guardian ad litem.

{¶ 12} Similarly, in *Palmer*, the Fifth Appellate District noted that in proceedings to terminate parental rights in anticipation of adoption, the juvenile court is concerned with the status of the child and whether parental rights should be ended to free the child

---

[1]The definition cited in *Smith* is substantively the same as the current definition under Juv.R. 2(Y).

for adoption, rather than with who should adopt the child. The Fifth District also noted that under R.C. 2151.353(A)(4), foster parents are not eligible to gain permanent custody of a child.[2]

{¶ 13} We next consider the impact of R.C. 2151.353(A)(3), which provides in relevant part that: "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may * * * [a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings."

{¶ 14} When *Hunt* and *Palmer* were decided, R.C. 2151.353(A)(3) did not include a dispositional option of awarding legal custody of a child to any person who, prior to the dispositional hearing, filed a motion requesting legal custody of the child. The question has therefore been raised as to whether the current version of R.C. 2151.353(A)(3) legislatively overruled *Hunt* and *Palmer*. The Tenth Appellate District has held no.

{¶ 15} In *In re Thompson* (Apr. 18, 1995), Franklin App. Nos. 94APF08-1144 and 94APF08-1145, the Tenth District held that the "dispositional options set forth in R.C. 2151.353 have no bearing on a permanent custody proceeding pursuant [to] R.C.

---

[2]R.C. 2151.353(A)(4) provides in relevant part that "[i]f a child is adjudicated an abused, neglected, or dependent child, the court may * * * [c]ommit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D)(1) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child."

2151.414. To the extent that *Hunt* and *Palmer* are pertinent to R.C. 2151.414 permanent custody proceedings and to the present appeal, the amendment to R.C. 2151.353(A)(3) does not overrule either decision."

{¶ 16} We agree with *Thompson*. The determination to be had in a permanent custody proceeding is whether parental rights should be terminated. The Gallaghers' desire for legal custody of the child is tangential to that determination.

{¶ 17} In *Renfro v. Cuyahoga Cty. Dept. of Human Serv.* (C.A.6, 1989), 884 F.2d 943, the Sixth Circuit Court of Appeals also upheld the limited rights of foster parents in juvenile court proceedings. There, the foster parents attempted to challenge the agency's removal of a foster child who lived with them for six years. Interpreting Ohio law, the Sixth Circuit stated:

> "While this court recognizes the strong emotional bond that might evolve in a foster care situation, we hesitate to characterize this relationship as a constitutionally protected liberty interest. * * *

> "Under Ohio law, the rights and limitations of the foster care relationship are clearly defined. Foster parents have no mechanism to challenge the removal of a foster child from their care; they have no statutory right to a hearing either before or after the child has been removed; nor are they entitled to a written explanation for the agency's action or an appeal. * * * The temporary nature of the foster care relationship provides sufficient notice to all participants that their rights are limited." Id. at 944.

{¶ 18} In light of the above, the trial court did not err in denying the Gallaghers' motion to intervene and dismissing their motion for legal custody. Like the Sixth Circuit in *Renfro*, we are sensitive to the emotional bond that can develop in a foster care

situation.  We note that our decision here does not preclude the Gallaghers from later attempting to adopt the child if custody is awarded to CCDCFS.

The assignments of error are overruled and the trial court's judgment is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, JUDGE

PATRICIA A. BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR