Myers, Judge.
 

 {¶ 1} The children, K.C., K.C., and J.C., and their mother appeal the judgment of the Hamilton County Juvenile Court granting permanent custody of the children to the Hamilton County Department of Job and Family Services ("HCJFS") and denying the petition for custody filed by a maternal aunt. The aunt did not appeal the denial of her custody petition. The guardian ad litem ("GAL") has filed a motion to dismiss the appeals.
 

 Denial of a Relative's Petition for Custody
 

 {¶ 2} In her sole assignment of error, mother argues that the trial court should not have granted permanent custody of her children to HCJFS, but instead should have granted the aunt's petition for custody of the children. She does not contest the termination of her parental rights.
 

 {¶ 3} In their single assignment of error, the children argue that the trial court's judgment granting permanent custody to HCJFS was against the weight of the evidence and was not in their best interest because the court should have granted their aunt's petition for custody. They also do not contest the termination of mother's parental rights.
 

 Standing to Appeal
 

 {¶ 4} The children's guardian ad litem ("GAL") asks this court to dismiss the appeals because mother and the children challenge only the denial of custody to the aunt, and not the termination of mother's parental rights. The GAL argues that mother and the children lack standing to challenge the judgment granting permanent custody to HCJFS and denying the custody petition of the children's aunt.
 

 {¶ 5} To bring these appeals, the litigants must have standing.
 
 Moore v. Middletown
 
 ,
 
 133 Ohio St.3d 55
 
 ,
 
 2012-Ohio-3897
 
 ,
 
 975 N.E.2d 977
 
 , ¶ 20. To establish standing, a litigant must show that she "suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief."
 
 Id.
 
 at ¶ 22. "These three factors-injury, causation, and redressability-constitute the 'irreducible constitutional minimum of standing.' "
 
 Id.
 
 , citing
 
 Lujan v. Defenders of Wildlife
 
 ,
 
 504 U.S. 555
 
 , 560,
 
 112 S.Ct. 2130
 
 ,
 
 119 L.Ed.2d 351
 
 (1992). Generally, to have standing, litigants must assert their own rights, not the rights of third parties.
 
 Util. Serv. Partners, Inc. v. Pub. Util. Comm.
 
 ,
 
 124 Ohio St.3d 284
 
 ,
 
 2009-Ohio-6764
 
 ,
 
 921 N.E.2d 1038
 
 , ¶ 49, citing
 
 N. Canton v. Canton
 
 ,
 
 114 Ohio St.3d 253
 
 ,
 
 2007-Ohio-4005
 
 ,
 
 871 N.E.2d 586
 
 , ¶ 14.
 

 {¶ 6}
 

 Mother's Standing to Appeal.
 

 Mother does not challenge the juvenile court's termination of her own parental rights. However, she contends that the court should have granted the aunt's custody petition to allow the children to maintain contact with mother and her family. Mother states that her appeal should not be dismissed because the grant of permanent custody of her children to HCJFS affected her residual parenting rights.
 

 {¶ 7} In Ohio, "permanent custody" is different from "legal custody."
 
 State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas, Probate Div.
 
 ,
 
 150 Ohio St.3d 230
 
 ,
 
 2016-Ohio-7382
 
 ,
 
 81 N.E.3d 380
 
 , ¶ 32. An award of permanent custody vests all parental rights in a public children services agency or private child placing agency, and divests the child's parents of all parental rights, including all residual rights.
 

 Id.
 

 ; R.C. 2151.011(B)(31). An award of legal custody, however, does not divest parents of their residual parental rights.
 
 Allen Cty. Children Servs. Bd.
 
 at ¶ 33, citing
 
 In re C.R.
 
 ,
 
 108 Ohio St.3d 369
 
 ,
 
 2006-Ohio-1191
 
 ,
 
 843 N.E.2d 1188
 
 , ¶ 17. Legal custody is subject to a parent's residual rights, which includes the right to visitation.
 

 Id.
 

 ; R.C. 2151.011(B)(48).
 

 {¶ 8} This court has held that a parent who does not challenge the termination of her or his own parental rights may not instead assert the rights of a relative who has not appealed the denial of her or his petition for legal custody.
 
 In re A.W.
 
 , 1st Dist. Hamilton No. C-120787,
 
 2013-Ohio-909
 
 ,
 
 2013 WL 989357
 
 , ¶ 3 ;
 
 In re T.W.
 
 , 1st Dist. Hamilton No. C-130080,
 
 2013-Ohio-1754
 
 ,
 
 2013 WL 1820852
 
 , ¶ 8 ;
 
 In re C.F.
 
 , 1st Dist. Hamilton Nos. C-150454 and C-150469,
 
 2015-Ohio-4706
 
 ,
 
 2015 WL 7082638
 
 , ¶ 5.
 

 {¶ 9} In
 
 A.W.
 
 , we held that a mother did not have standing to argue that a nonappealing relative's petition for custody should have been granted because the mother did not challenge the termination of her own parental rights.
 
 A.W.
 
 at ¶ 3. We found two Tenth Appellate District decisions to be instructive:
 
 In re J.B.
 
 , 10th Dist. Franklin Nos. 08AP-1108, 09AP-39, 08AP-1109 and 08AP-1122,
 
 2009-Ohio-3083
 
 ,
 
 2009 WL 1830516
 
 (children lacked standing to argue that the trial court erred in overruling a petition for custody filed by a nonrelative with whom they had bonded), and
 
 In re N.H.
 
 , 10th Dist. Franklin Nos. 10AP-620 and 10AP-621,
 
 2011-Ohio-1491
 
 ,
 
 2011 WL 1134466
 
 (mother lacked standing to appeal the domestic-relations court's decision granting custody of her children to a social-services agency where the mother only asserted that her father should have been awarded custody).
 

 {¶ 10} In
 
 T.W.
 
 , a father argued that, even though he did not dispute the termination of his own parental rights, he had standing to appeal the judgment granting permanent custody of his child to HCJFS and denying a custody petition filed by the child's great-grandmother. Father relied on two cases that held parents have standing to assert on appeal that their residual rights were affected by a trial court's failure to grant legal custody to a third party or a relative rather than permanent custody to a children's-services agency.
 
 See
 

 In re Hiatt
 
 ,
 
 86 Ohio App.3d 716
 
 ,
 
 621 N.E.2d 1222
 
 (4th Dist.1993), and
 
 In re J.J.
 
 , 9th Dist. Summit No. 21226,
 
 2002-Ohio-7330
 
 ,
 
 2002 WL 31890708
 
 .
 

 {¶ 11} However, we distinguished those cases on the ground that the father in
 
 T.W.
 
 had made no arguments in the trial court or on appeal with respect to the effect of the trial court's decision on his residual parenting rights.
 
 In re T.W.
 
 , 1st Dist. Hamilton No. C-130080,
 
 2013-Ohio-1754
 
 ,
 
 2013 WL 1820852
 
 , at ¶ 8. We held that the father lacked standing, not only because he did not raise any argument with respect to the effect of the judgment on his residual parenting rights, but also because he could not raise issues on behalf of a nonappealing third party.
 
 Id.
 
 at ¶ 8-9. Even if the father had asserted injury to his residual parental rights, we recognized that there was no remedy that we could provide if we found the father's arguments meritorious because the great-grandmother had not appealed from the denial of her custody petition.
 
 Id.
 
 at ¶ 9. This court could not assume that the great-grandmother still desired to be awarded custody of the child.
 
 Id.
 

 {¶ 12} In this case, mother argues that she has standing to challenge the juvenile court's award of permanent custody to HCJFS because the judgment affected her residual parenting rights. In some cases, it may be true that a parent's assertion of the effect of a denial of custody to a relative on her residual parenting rights will confer standing. However, the assertion of injury to a parent's residual parenting rights cannot be redressed where the requested relief is to award custody to a relative who did not appeal the denial of her or his custody petition. Therefore, we hold that a parent has no standing to appeal an award of permanent custody and a denial of a relative's custody petition where the parent does not challenge the termination of her parental rights and the relative did not appeal the denial of her custody petition.
 

 {¶ 13} In this case, mother no longer seeks custody of the children, and neither does the aunt whom mother puts forth as a candidate for custody. Consequently, we hold that mother has no standing to challenge the trial court's judgment granting permanent custody of her children to HCJFS and denying the aunt's custody petition. Therefore, we grant the GAL's motion to dismiss mother's appeal.
 

 {¶ 14}
 

 Children's Standing to Appeal.
 

 Generally, children have a right to be cared for by their parents.
 
 In re Z.H.
 
 , 1st Dist. Hamilton Nos. C-150301 and C-150305,
 
 2015-Ohio-3209
 
 ,
 
 2015 WL 4755282
 
 , ¶ 4. Here, the children do not challenge the termination of their mother's parental rights. They concede that, upon finding that mother was not interested in reunification, the juvenile court was left with only two options: granting permanent custody to HCJFS or to the aunt who had filed a petition for custody.
 

 {¶ 15} Relying on this court's decision in
 
 In re Z.H.
 
 , the children argue that their appeal should not be dismissed because they have standing to challenge the grant of permanent custody to HCJFS. In
 
 Z.H.
 
 , we held that a child in a permanent-custody proceeding has standing to appeal the termination of his parent's parental rights, recognizing that the child has a legal interest in being cared for by his natural parents.
 

 Id.
 

 In that case, both the child and his mother challenged the termination of the mother's parental rights, not the denial of custody to a relative. We recognized that the child had standing to appeal because, unlike the appellants in
 
 A.W.
 
 and
 
 T.W.
 
 , the child was asserting his own injury from termination of his mother's parental rights (the right to be raised by his parents), not those of a nonappealing relative, and his mother likewise contested the termination of her own parental rights.
 
 Id.
 
 at ¶ 6. Unlike the child and mother in
 
 Z.H.
 
 , however, neither the children nor mother in this case challenge the termination of mother's parental rights.
 

 {¶ 16} We find the facts here to be distinguishable from
 
 Z.H.
 
 While children clearly have an interest in their custody, such an interest does not always give rise to legal standing in a permanent-custody case. Where, as here, the parent does not contest termination of her parental rights and does not seek custody, and where the only interested relative has not appealed the denial of custody, we find the children's injury could not be redressed by this court if we were to reverse the trial court's judgment.
 
 See
 

 Z.H.
 
 at ¶ 5. Therefore, we hold that where neither the parent nor the children contest the termination of the parent's rights, the children lack standing to appeal the denial of a relative's petition for custody where the relative did not appeal.
 
 See
 

 In re J.B.
 
 , 10th Dist. Franklin Nos. 08AP-1108, 09AP-39, 08AP-1109 and 08AP-1122,
 
 2009-Ohio-3083
 
 ,
 
 2009 WL 1830516
 
 , at ¶ 18. Therefore, we grant the GAL's motion to dismiss the children's appeal.
 

 Appeals dismissed.
 

 Zayas, P.J., concurs.
 

 Miller, J., concurs in part and dissents in part.