[Cite as *In re A.H.*, 2023-Ohio-2106.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN RE: | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| A. H. | Hon. Andrew J. King, J. |
|  | Case No. 22 COA 040 |
| Dependent Child | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20193082


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    June 26, 2023


APPEARANCES:

For Appellant Mother

BRIAN SMITH
123 South Miller Road
Suite 250
Fairlawn, Ohio 44333

For Foster Parents

MONICA L. MIYASHITA
P. O. Box 94
Orrville, Ohio 44667

For Appellee

CHRISTOPHER R. TUNNELL
PROSECUTING ATTORNEY
JOSHUA T. ASPIN
ASSISTANT PROSECUTOR
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Wise, J.*

{¶1}    Appellant, B.V., appeals the decision of the Ashland County Court of Common Pleas, Juvenile Division, which terminated Appellant's parental rights and granted Ashland County Department of Job and Family Services' ("Agency") motion for permanent custody of A.H. The following facts give rise to this appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2}    A.H. was born on December 28, 2019. Appellant is the biological mother of E.H.; D.H is the biological father of E.H.

{¶3}    On December 30, 2019, A.H. was ordered into the temporary custody of the Agency.

{¶4}    On January 2, 2020, A.H. was released from the hospital to the foster parents.

{¶5}    On February 20, 2020, Appellant was sentenced to a twelve-month prison term for Endangering a child, a felony of the third-degree.

{¶6}    On February 21, 2020, Appellant admitted A.H. was a dependent child.

{¶7}    On April 6, 2020, the trial court continued the Agency's temporary custody of A.H.

{¶8}    On April 8, 2020, the Agency filed a case plan outlining services for the Father to complete. Appellant was incarcerated at that time.

{¶9}    The trial court ordered two six-month extensions of temporary custody, on January 5, 2021, and May 20, 2021.

{¶10}  On September 23, 2021, the foster parents filed a Motion to Intervene.

{¶11}  On November 2, 2021, the Agency filed a Motion for Permanent Custody.

{¶12} On November 17, 2021, the foster parents filed a Motion for Legal Custody.

{¶13} On November 30, 2021, D.H. filed a Motion for Legal Custody.

{¶14} On December 14, 2021, the trial court granted the foster parents Motion to Intervene.

{¶15} On December 13, 2021, December 23, 2021, and January 24, 2022, hearings were held on permanent custody and legal custody.

{¶16} On August 22, 2022, the trial court issued its judgment entry granting the Agency permanent custody of A.H.

### ASSIGNMENTS OF ERROR

{¶17} Appellant timely filed her notice of appeal and raises the following Assignments of Error:

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE FOSTER PARENTS' MOTION TO INTERVENE.

{¶19} "II. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE HAD MADE 'REASONABLE EFFORTS' TO ELIMINATE THE CONTINUED REMOVAL OF THE CHILD FROM THE CHILD'S HOME, OR TO MAKE IT POSSIBLE FOR THE CHILD TO SAFELY RETURN HOME, UNDER R.C. 2151.419.

{¶20} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT AWARDING PERMANENT CUSTODY TO APPELLEE WAS IN THE BEST INTEREST OF THE CHILD."

**I.**

**{¶21}** In Appellant's first Assignment of Error, Appellant argues the trial court erred in granting the foster parents' Motion to Intervene. We disagree.

**{¶22}** Civ.R. 24 governs intervention and states as follows:

　　(A)　　**Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

　　(B)　　**Permissive intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention

will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶23} The foster parents moved for permissive intervention pursuant to Civ.R. 24(B). An appellate court reviews a trial court's ruling on a motion to intervene for an abuse of discretion. *In re K.L.*, 5th Dist. Tuscarawas No. 2015 AP 040016, 2015-Ohio-4598. The abuse of discretion standard is more than an error of law or judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶24} Under Juv.R. 2(Y), a party is defined as:

[A] child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court.

{¶25} Under Juv.R. 2(Y) and Civ.R. 24(B) the trial court has the discretion to permit intervention under the appropriate circumstances and to determine the parties in a juvenile action, including naming foster parents as parties. *In re T.H.*, 5th Dist. Muskingum No. CT2016-0008, 2016-Ohio-7310, ¶27-28. "A foster parent has no automatic right to participate as a party in the adjudication of the rights of natural parents and their children." *Id.* at ¶27 citing, *In re R.W.*, 8th Dist. No. 101742, 2015-Ohio-1031, 30 N.E.3d 254, ¶17. "Foster parents generally have limited rights with respect to the children placed in their care." *Id.* People who care for a dependent or neglected child are agents

for the state, which is the child's permanent or temporary legal custodian. *Id.* citing *In re J.B.*, 8th Dist. Cuyahoga No 96652, 2011-Ohio-4830, ¶10." *Id.*

**{¶26}** A trial court must look to the best interest of the child when deciding a motion to intervene in a juvenile proceeding. *In re R.W.*, 2015-Ohio-1031, ¶16.

**{¶27}** In the case *sub judice*, the foster parents were the only family A.H. has known. The child is well bonded to the foster parents. The foster parents have assumed parental duties for the child for two years. The trial court found that it is in the best interest of A.H. to grant the foster parents' Motion to Intervene.

**{¶28}** Based upon the foregoing, the trial court did not act arbitrarily, unreasonably, or unconscionably by granting the foster parents' Motion to Intervene.

**{¶29}** Appellant's first Assignment of Error is overruled.

**II., III.**

**{¶30}** In Appellant's second and third Assignments of Error, Appellant argues the trial court erred Appellee made reasonable efforts to reunify A.H. with the child's father, and in granting permanent custody to Appellee. We disagree.

**{¶31}** Appellee and A.H.'s foster parents ask this Court to dismiss the appeal because Appellant challenges only the denial of custody to A.H.'s father and grandmother and termination of A.H.'s father's parental rights.

**{¶32}** To bring these assignments of error, Appellant must have standing. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶20. To establish standing, Appellant must show she "suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Id.* at ¶22. "These three factors –injury, causation, and redressability—constitute

the 'irreducible constitutional minimum of standing.' " *Id.* quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "Generally, to have standing, litigants must assert their own rights." *In re K.C.*, 1st Dist. No.. C-170340, 2017-Ohio-8383, 99 N.E.3d 1061, ¶5.

**{¶33}** Appellant's second and third Assignments of Error seek to appeal the trial court's decision to not reunite A.H. with A.H.'s father or grandmother, and terminated A.H.'s father's parental rights.

**{¶34}** Permanent custody differs from legal custody in Ohio. *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas, Probate Div.*, 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, ¶32. "An award of permanent custody vests all parental rights in a public children services agency or private child placing agency, and divests the child's parents of all parental rights, including all residual rights. *Id.* An award of legal custody, however, does not divest parents of their residual parental rights, including all residual rights." *In re K.C.*, 2017-Ohio-8383 at ¶7.

**{¶35}** The First District Court of Appeals has held a mother did not have standing to argue that a nonappealing relative's petition for custody should have been granted. *Id.* at ¶13.

**{¶36}** In the case *sub judice*, Appellant argues that, even though she is not seeking custody, she still has standing as her parental rights are terminated by the trial court's award of permanent custody to the Agency. However, she does not argue she should receive custody, but that A.H.'s father's or grandmother's petition for custody should have been granted. Neither A.H.'s father, nor A.H.'s grandmother appealed the trial court's decision. Consequently, Appellant has no standing to challenge the trial

court's denial of A.H.'s father's petition for custody, or A.H.'s grandmother's petition for custody.

**{¶37}** Appellant's second and third Assignments of Error are dismissed.

**{¶38}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division of Ashland County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

King, J., concur.

JWW/br  0621