[Cite as *In re A.W.*, 2013-Ohio-909.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: A.W. | : | APPEAL NO. C-120787 |
| | | TRIAL NO. F99-1472X |
| | : | |
| | : | *O P I N I O N.* |

Civil Appeal From: Hamilton County Court Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  March 13, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Grendell*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Kacy C. Eaves*, Guardian Ad Litem for Appellant Jeanette Sherrill,

*Timothy J. McKenna*, for Appellant Jeanette Sherrill.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}  Appellant Jeanette Sherrill and guardian ad litem ("GAL") for Sherrill separately appeal the judgment of the Hamilton County Juvenile Court, awarding permanent custody of Sherrill's son, A.W., to appellee Hamilton County Department of Job and Family Services ("HCJFS").  Because we determine that Sherrill and her GAL lack standing to pursue their appeals, we overrule their assignments of error and affirm the judgment of the trial court.

{¶2}  HCJFS received temporary custody of A.W. in August 2009, after A.W. had been adjudicated dependent.  HCJFS filed a motion for permanent custody in December 2010, which was later modified to an extension of temporary custody after A.W.'s maternal grandmother, Judith Kirschman, filed a motion for custody of A.W.  In February 2011, HCJFS renewed their motion for permanent custody.  The matter proceeded to trial before a magistrate, who overruled Kirschman's motion and granted permanent custody of A.W. to HCJFS.  Sherrill and her GAL filed objections to the magistrate's decision, which were overruled by the trial court.  The trial court adopted the magistrate's decision granting permanent custody of A.W. to HCJFS.  Sherrill and her GAL now appeal.

{¶3}  The GAL for Sherrill raises one assignment of error, arguing that the trial court erred in granting HCJFS's motion for permanent custody because the finding was against the manifest weight of the evidence and was unreasonable and arbitrary.  Similarly, Sherrill raises one assignment of error, stating that the trial court erred as a matter of law by granting HCJFS's motion.  Neither Sherrill nor her GAL dispute the trial court's decision terminating Sherrill's parental rights to A.W.  Instead, both argue that Kirschman's petition for custody should have been granted.

2

We determine that Sherrill and her GAL lack standing on appeal to assert that the trial court should have granted Kirschman's motion for custody.

{¶4} *In re J.B.*, 10th Dist. No. 08AP-1108, 2009-Ohio-3083 is instructive. In *J.B.*, the trial court granted permanent custody of a mother's four children to Franklin County Children Services. Two of those children separately appealed from the judgment, arguing that the trial court erred in overruling a motion for custody filed by their mother's husband's sister—who was not biologically related to them, but with whom they had bonded. The Tenth Appellate District determined that the children lacked standing to assert their argument, and overruled the children's assignments of error. *Id.* at ¶ 18; *see also In re NH*, 10th Dist. No. 10AP-620, 2011-Ohio-1491, ¶ 4-5 (determining that a mother did not have standing to pursue an appeal of a domestic-relations court's decision granting custody of her children to a social-services agency where the mother only asserted that her father should have been awarded custody).

{¶5} In conclusion, we overrule Sherrill's and her GAL's assignments of error, and we affirm the judgment of the trial court awarding permanent custody of A.W. to HCJFS.

*Judgment affirmed.*

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.