[Cite as *In re T.W.*, 2013-Ohio-1754.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: T.W. | : | APPEAL NO. C-130080 |
|  |  | TRIAL NO. F99-903X |
|  | : | *O P I N I O N.* |

Civil Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Appeal dismissed

Date of Judgment Entry on Appeal:  May 1, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Grendell*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Paul Hunt*, Attorney for Appellees Guardian Ad Litem and Court Appointed Special Advocate,

*Christopher P. Kapsal*, for Appellant Father.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Appellant father has appealed from the trial court's judgment granting permanent custody of his daughter T.W. to the Hamilton County Department of Job and Family Services ("HCJFS").

{¶2}    HCJFS was granted temporary custody of T.W. and her brother T.J. in 2008.  Appellant is the father of T.W., but not T.J.  In March of 2010, HCJFS filed a motion to modify temporary custody of the children to permanent custody.  T.W.'s paternal great-grandmother also filed a petition for custody of both T.W. and T.J.  Following a trial before a juvenile court magistrate, great-grandmother's petition for custody was denied, and permanent custody of T.W. and T.J. was granted to HCJFS. Both father and great-grandmother filed objections to the magistrate's decision.  The trial court overruled these objections and adopted the magistrate's decision granting permanent custody of the children to HCJFS.  Father now appeals.[1]

{¶3}    In his first assignment of error, father argues that the trial court erred by granting permanent custody of T.W. to HCJFS and by denying the custody petition filed by great-grandmother.  Father does not dispute the court's termination of his own parental rights to T.W., but instead argues that the court should have granted great-grandmother's petition for custody.  In his second assignment of error, father argues that the trial court erred by failing to appoint independent counsel for T.W. and by failing to hold a hearing to determine whether T.W.'s wishes conflicted with her guardian ad litem's recommendation.  On the authority of *In re A.W.*, 1st

---

[1] Although HCJFS was granted permanent custody of T.W. and T.J., along with another sibling, only T.W. is the biological child of father, and is the only child considered in this appeal.

Dist. No. C-120787, 2013-Ohio-909, we determine that father lacks standing to raise these arguments.

{¶4}    *In re A.W.* involved a nearly identical factual scenario.   In that case, the appellant had argued that the trial court erred by granting permanent custody of her child to HCJFS and by failing to grant the custody petition filed by the child's maternal grandmother.   This court held that the appellant lacked standing to assert that the trial court should have granted the custody petition of the maternal grandmother, a nonparty to the appeal.   *Id.* at ¶ 3-4.   The *A.W.* court relied on several cases from the Tenth Appellate District that had reached similar conclusions.   In *In re N.H.*, 10th Dist. Nos. 10AP-620 and 10AP-621, 2011-Ohio-1491, the Tenth District held that a biological mother did not have standing to pursue an appeal of a trial court's decision granting custody of her children to a social-services agency where she had only asserted the rights of the children's grandfather, and had not contested termination of her own parental rights.   *Id.* at ¶ 3-4.   The court held that "[e]ven though [mother] will be affected by the court, that effect does not grant her legal standing."   *Id.* at ¶ 5.

{¶5}    Father has provided this court with several cases in which other appellate districts have reached contrary results, and concluded that an appellant had standing in this type of situation.   In *In re Hiatt*, 86 Ohio App.3d 716, 621 N.E.2d 1222 (4th Dist.1993), the Fourth Appellate District held that a biological father had standing to appeal and challenge the trial court's award of permanent custody of his children to a children's-services agency, rather than to suitable relatives who had not appealed from the trial court's award of custody.   The *Hiatt* court held that "[a]n appealing party may complain of an error committed against a nonappealing party

OHIO FIRST DISTRICT COURT OF APPEALS

when the error is prejudicial to the rights of the appellant." *Id.* at 721. The court explained that by granting permanent custody of the appellant's children to a children's-services agency, "the trial court divested appellant of all parental rights, privileges, and obligations, including all residual rights and obligations." *Id.* at 722. The court ultimately concluded that the appellant had standing to argue that the court erred in failing to grant legal custody to a relative, "since he was prejudiced to the extent that it affected his residual parental rights." *Id.*

{¶6} In *In re J.J.*, 9th Dist. No. 21226, 2002-Ohio-7330, the Ninth Appellate District held that the appellant, the mother of a child that had been placed in the permanent custody of a social-services agency, had standing to challenge the trial court's failure to grant legal custody to a third-party who had petitioned for custody of the child. But the court qualified its holding, stating that a "parent has standing to challenge only how the court's decision impacted the parent's rights, however, not the rights of the third party." *Id.* at ¶ 36.

{¶7} Only litigants with standing are entitled to have a court determine the merits of the claims they have presented. *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20. A party has standing when they have a "right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting Black's Law Dictionary (8th Ed.2004) 1442.

{¶8} Here, father has only challenged how the trial court's decision and the proceedings below affected the rights of great-grandmother: he argues that custody should have been granted to great-grandmother, and that the trial court failed to properly investigate the validity of T.W.'s desire to live with great-grandmother. The

4

*In re Hiatt* and *In re J.J.* courts were concerned with the affect that a trial court's decision denying the custody petition of a suitable third-party or a relative had on a parent's residual parenting rights. Father has made no arguments on appeal with respect to the affect of the trial court's decision on his residual parenting rights. Nor did he make such argument below. Father has only raised arguments concerning how the trial court's decision affected the rights of great-grandmother. Father does not have standing to raise these arguments.

{¶9}    If this court were to conclude that father had standing to raise these arguments on behalf of great-grandmother, a nonappealing party, we would be presented with issues concerning what type of remedy we could provide should father's arguments be held to be meritorious. Great-grandmother has not appealed from the denial of her custody petition, and we cannot assume that she still desires to be awarded custody of T.W. For that reason, an appellant cannot raise issues on behalf of an aggrieved third-party, particularly when that party could have appealed the issue to protect his or her own interests.

{¶10} In conclusion, we hold that father lacks standing to raise these assignments of error. The appeal is accordingly dismissed.

**Appeal dismissed.**

**CUNNINGHAM, P.J.,** and **DEWINE, J.**, concur.

Please note:
        The court has recorded its own entry on the date of the release of this opinion.