[Cite as *In re C.F.*, 2015-Ohio-4706.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  C.F. and C.F.

:       APPEAL NOS. C-150454
                        C-150469
:       TRIAL NO. F10-2777x

:       *O P I N I O N.*

:

:


Appeals From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed in C-150469; Appeal dismissed in C-150454

Date of Judgment Entry on Appeal:  November 13, 2015


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Elizabeth Sundermann*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Timothy J. McKenna*, for Appellant Mother,

*Robert Adam Hardin*, Guardian Ad Litem for C.F. and C.F.


Please note:  this case has been removed from the accelerated calendar.

**Mock, Judge.**

{¶1}   Mother and father each appeal the Hamilton County Juvenile Court's judgment awarding permanent custody of their son and daughter to the Hamilton County Department of Job and Family Services ("HCJFS").

{¶2}   HCJFS was granted temporary custody of C.F. ("C.F.1") and C.F. ("C.F.2") in 2012 and 2013, respectively.  In March 2014, HCFJS filed a motion to modify temporary custody of the children to permanent custody.  The children's paternal grandmother also filed a petition for custody of the children.  Following a trial before a juvenile court magistrate, paternal grandmother's petition for custody was denied, and permanent custody of the children was granted to HCJFS. Only mother and father filed objections to the magistrate's decision. Mother specifically objected to the magistrate's determination that the children could not be placed with either parent within a reasonable time or should not be placed with either parent. The trial court overruled these objections and adopted the magistrate's decision granting permanent custody of the children to HCJFS.  Mother and father now appeal.

## Father's Appeal Dismissed

{¶3}   Although the father filed a notice of appeal from the trial court's judgment, he failed to file an appellate brief.  Therefore, we dismiss the father's appeal numbered C-150454.  *See* App.R. 18(C).

## Mother's Appeal

{¶4}   In her single assignment of error, mother contests the sufficiency and weight of the evidence underlying the trial court's judgment awarding permanent custody to HCJFS.

{¶5}     Under this assignment, mother argues that her parental rights should not have been terminated or, in the alternative, that the trial court should have granted paternal grandmother's petition for custody.  Because paternal grandmother has not appealed the trial court's judgment, we will not address mother's arguments with respect to the court's denial of paternal grandmother's petition for custody, as mother does not have standing to raise them.  "An appellant cannot raise issues on behalf of an aggrieved third-party, particularly when that party could have appealed the issue to protect [her] own interests."  *In re T.W.*, 1st Dist. Hamilton No. C-130080, 2013-Ohio-1754, ¶ 9.

{¶6}     We now consider mother's challenge to the termination of her parental rights.  A juvenile court may terminate parental rights and grant permanent custody of a child to a children's services agency if it finds by clear and convincing evidence that (1) the child's best interest would be served by a grant of permanent custody to the agency, and that (2) one of the conditions enumerated in R.C. 2151.414(B)(1)(a) through (e) has been met.  R.C. 2151.414(B); *In re W.W.*, 1st Dist. Hamilton Nos. C-110363 and C-110402, 2011-Ohio-4912, ¶ 48.  Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.  An appellate court should not substitute its judgment for that of the trial court when competent credible evidence going to all the essential elements of the case exists.  *In re Wingo*, 143 Ohio App.3d 652, 758 N.E.2d 780 (4th Dist.2001).

## Best-Interest Factors

{¶7}     In determining a child's best interest, the court must consider "all relevant factors," including (1) the child's interaction with the parents, relatives,

3

foster caregivers, out-of-home providers, and any other person who may significantly affect the child, (2) the wishes of the child, as expressed by the child or a guardian ad litem, (3) the custodial history of the child, (4) the child's need for legally secure placement and whether that type of placement can be achieved without a grant of permanent custody, and (5) whether any of the factors under R.C. 2151.414(E)(7) through (11) apply. R.C. 2151.414(D)(1)(a) through (e).

{¶8} A review of the record demonstrates that there was sufficient evidence to support a finding that it was in the best interest of the children to grant permanent custody to HCJFS. With respect to the children's relationship with mother, C.F.1 and C.F.2 have never lived with mother. But mother did participate in supervised visitation with the children, which ended when she was incarcerated. Mother has not seen the children since her incarceration. Mother had been convicted of aggravated assault of the children's two older siblings in July 2013, and was incarcerated at the time of the permanent-custody hearing. Although mother had completed most of the recommended case-plan services prior to serving her prison term, the caseworker for HCJFS testified that mother had been in the process of receiving mental-health and substance-abuse treatment when she had been incarcerated, and because this treatment had not been completed, mother still did not understand how her drug use and mental-health issues affected her parenting and thus, she had not demonstrated any "behavioral change."

{¶9} With respect to the custodial history, the record shows that C.F.1 and C.F.2 were removed from mother's home when they were newborns. C.F.1 lived with his paternal grandmother the first year of his life, but HCJFS removed him from grandmother's care after she allowed visitation with the child's father, and after grandmother became too ill to care for the child. C.F.2 was born with significant

medical needs, requiring the use of a feeding tube. C.F.1 and C.F.2 have been living with the same foster family since January 2014, and that family has been successfully meeting C.F.2's medical needs for the past year. The foster parents wish to adopt the children, but this cannot be done without a grant of permanent custody of the children to HCJFS.

## R.C. 2151.414(B)(1) Findings

{¶10} As to the R.C. 2151.414(B)(1)(a) through (e) factors, the court found that R.C. 2151.414(B)(1)(a) existed in this case. R.C. 2151.414(B)(1)(a) provides that a court may not grant a children's services agency permanent custody of a child without first determining that the child cannot be placed with either parent within a reasonable time, or should not be placed with either parent. In making such a determination the court must find that at least one of the factors listed in R.C. 2151.414(E) has been established by clear and convincing evidence. *In re Z.H.*, 1st Dist. Hamilton Nos. C-150031 and C-150035, 2015 Ohio App. LEXIS 3136 (Aug. 12, 2015).

{¶11} There is sufficient evidence in the record to support the trial court's finding. With respect to the father, he was facing criminal drug charges and he did not complete any case-plan services. *See* R.C. 2151.414(E)(1). With respect to mother, she was incarcerated for an offense against the older siblings of C.F.1 and C.F.2 at the time of the permanent-custody hearing. *See* R.C. 2151.414(E)(2).

{¶12} Upon our review of the record, we hold that all of the court's findings as to the best-interest factors and the R.C. 2151.414(B)(1)(a) factor were supported by sufficient evidence and were not against the manifest weight of the evidence. *See In re A.B., G.B., and J.B.,* 1st Dist. Hamilton Nos. C-150307 and C-150310, 2015-Ohio-3247, ¶ 14-16; *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

Therefore, mother's single assignment of error is overruled, and the judgment of the trial court is affirmed in the appeal numbered C-150469.  The appeal numbered C-150454 is dismissed.

Judgment accordingly.

**HENDON, P.J.,** and **CUNNINGHAM, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.