[Cite as *In re K.C.*, 2017-Ohio-8383.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: K.C., K.C., AND J.C. | : | APPEAL NOS. C-170340 |
| | | C-170379 |
| | : | TRIAL NO. F08-568X |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgment Appealed From Is: Appeals Dismissed

Date of Judgment Entry on Appeal: November 1, 2017

*Kacy C. Eaves*, for Appellants, K.C., K.C., and J.C.,

*Phyllis Schiff*, for Appellant Mother,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *R. Michael Waddle*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services;

*Raymond T. Faller*, Hamilton County Public Defender, and *Megan E. Busam*, Assistant Public Defender, Appellee Guardian Ad Litem for K.C., K.C., and J.C.

**MYERS, Judge.**

{¶1}   The children, K.C., K.C., and J.C., and their mother appeal the judgment of the Hamilton County Juvenile Court granting permanent custody of the children to the Hamilton County Department of Job and Family Services ("HCJFS") and denying the petition for custody filed by a maternal aunt.  The aunt did not appeal the denial of her custody petition.  The guardian ad litem ("GAL") has filed a motion to dismiss the appeals.

### Denial of a Relative's Petition for Custody

{¶2}   In her sole assignment of error, mother argues that the trial court should not have granted permanent custody of her children to HCJFS, but instead should have granted the aunt's petition for custody of the children.  She does not contest the termination of her parental rights.

{¶3}   In their single assignment of error, the children argue that the trial court's judgment granting permanent custody to HCJFS was against the weight of the evidence and was not in their best interest because the court should have granted their aunt's petition for custody.  They also do not contest the termination of mother's parental rights.

### Standing to Appeal

{¶4}   The children's guardian ad litem ("GAL") asks this court to dismiss the appeals because mother and the children challenge only the denial of custody to the aunt, and not the termination of mother's parental rights.  The GAL argues that mother and the children lack standing to challenge the judgment granting permanent custody to HCJFS and denying the custody petition of the children's aunt.

2

{¶5} To bring these appeals, the litigants must have standing. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20. To establish standing, a litigant must show that she "suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Id.* at ¶ 22. "These three factors – injury, causation, and redressability – constitute the 'irreducible constitutional minimum of standing.' " *Id.*, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Generally, to have standing, litigants must assert their own rights, not the rights of third parties. *Util. Serv. Partners, Inc. v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 49, citing *N. Canton v. Canton*, 114 Ohio St.3d 253, 2007-Ohio-4005, 871 N.E.2d 586, ¶ 14.

{¶6} *Mother's Standing to Appeal.* Mother does not challenge the juvenile court's termination of her own parental rights. However, she contends that the court should have granted the aunt's custody petition to allow the children to maintain contact with mother and her family. Mother states that her appeal should not be dismissed because the grant of permanent custody of her children to HCJFS affected her residual parenting rights.

{¶7} In Ohio, "permanent custody" is different from "legal custody." *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas, Probate Div.*, 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, ¶ 32. An award of permanent custody vests all parental rights in a public children services agency or private child placing agency, and divests the child's parents of all parental rights, including all residual rights. *Id.*; R.C. 2151.011(B)(31). An award of legal custody, however, does not divest parents of their residual parental rights. *Allen Cty.*

*Children Servs. Bd.* at ¶ 33, citing *In re C.R.*, 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188, ¶ 17.  Legal custody is subject to a parent's residual rights, which includes the right to visitation.  *Id.*; R.C. 2151.011(B)(48).

{¶8}  This court has held that a parent who does not challenge the termination of her or his own parental rights may not instead assert the rights of a relative who has not appealed the denial of her or his petition for legal custody.  *In re A.W.*, 1st Dist. Hamilton No. C-120787, 2013-Ohio-909, ¶ 3; *In re T.W.*, 1st Dist. Hamilton No. C-130080, 2013-Ohio-1754, ¶ 8; *In re C.F.*, 1st Dist. Hamilton Nos. C-150454 and C-150469, 2015-Ohio-4706, ¶ 5.

{¶9}  In *A.W.*, we held that a mother did not have standing to argue that a nonappealing relative's petition for custody should have been granted because the mother did not challenge the termination of her own parental rights.  *A.W.* at ¶ 3. We found two Tenth Appellate District decisions to be instructive:  *In re J.B.*, 10th Dist. Franklin Nos. 08AP-1108, 09AP-39, 08AP-1109 and 08AP-1122, 2009-Ohio-3083 (children lacked standing to argue that the trial court erred in overruling a petition for custody filed by a nonrelative with whom they had bonded), and *In re N.H.*, 10th Dist. Franklin Nos. 10AP-620 and 10AP-621, 2011-Ohio-1491 (mother lacked standing to appeal the domestic-relations court's decision granting custody of her children to a social-services agency where the mother only asserted that her father should have been awarded custody).

{¶10}  In *T.W.*, a father argued that, even though he did not dispute the termination of his own parental rights, he had standing to appeal the judgment granting permanent custody of his child to HCJFS and denying a custody petition filed by the child's great-grandmother.  Father relied on two cases that held parents

have standing to assert on appeal that their residual rights were affected by a trial court's failure to grant legal custody to a third party or a relative rather than permanent custody to a children's-services agency. *See In re Hiatt*, 86 Ohio App.3d 716, 621 N.E.2d 1222 (4th Dist.1993), and *In re J.J.*, 9th Dist. Summit No. 21226, 2002-Ohio-7330.

{¶11} However, we distinguished those cases on the ground that the father in *T.W.* had made no arguments in the trial court or on appeal with respect to the effect of the trial court's decision on his residual parenting rights. *In re T.W.*, 1st Dist. Hamilton No. C-130080, 2013-Ohio-1754, at ¶ 8. We held that the father lacked standing, not only because he did not raise any argument with respect to the effect of the judgment on his residual parenting rights, but also because he could not raise issues on behalf of a nonappealing third party. *Id.* at ¶ 8-9. Even if the father had asserted injury to his residual parental rights, we recognized that there was no remedy that we could provide if we found the father's arguments meritorious because the great-grandmother had not appealed from the denial of her custody petition. *Id.* at ¶ 9. This court could not assume that the great-grandmother still desired to be awarded custody of the child. *Id.*

{¶12} In this case, mother argues that she has standing to challenge the juvenile court's award of permanent custody to HCJFS because the judgment affected her residual parenting rights. In some cases, it may be true that a parent's assertion of the effect of a denial of custody to a relative on her residual parenting rights will confer standing. However, the assertion of injury to a parent's residual parenting rights cannot be redressed where the requested relief is to award custody to a relative who did not appeal the denial of her or his custody petition. Therefore,

we hold that a parent has no standing to appeal an award of permanent custody and a denial of a relative's custody petition where the parent does not challenge the termination of her parental rights and the relative did not appeal the denial of her custody petition.

{¶13} In this case, mother no longer seeks custody of the children, and neither does the aunt whom mother puts forth as a candidate for custody. Consequently, we hold that mother has no standing to challenge the trial court's judgment granting permanent custody of her children to HCJFS and denying the aunt's custody petition. Therefore, we grant the GAL's motion to dismiss mother's appeal.

{¶14} ***Children's Standing to Appeal.*** Generally, children have a right to be cared for by their parents. *In re Z.H.*, 1st Dist. Hamilton Nos. C-150301 and C-150305, 2015-Ohio-3209, ¶ 4. Here, the children do not challenge the termination of their mother's parental rights. They concede that, upon finding that mother was not interested in reunification, the juvenile court was left with only two options: granting permanent custody to HCJFS or to the aunt who had filed a petition for custody.

{¶15} Relying on this court's decision in *In re Z.H.*, the children argue that their appeal should not be dismissed because they have standing to challenge the grant of permanent custody to HCJFS. In *Z.H.*, we held that a child in a permanent-custody proceeding has standing to appeal the termination of his parent's parental rights, recognizing that the child has a legal interest in being cared for by his natural parents. *Id.* In that case, both the child and his mother challenged the termination of the mother's parental rights, not the denial of custody to a relative. We recognized

that the child had standing to appeal because, unlike the appellants in *A.W.* and *T.W.*, the child was asserting his own injury from termination of his mother's parental rights (the right to be raised by his parents), not those of a nonappealing relative, and his mother likewise contested the termination of her own parental rights. *Id.* at ¶ 6. Unlike the child and mother in *Z.H.*, however, neither the children nor mother in this case challenge the termination of mother's parental rights.

{¶16} We find the facts here to be distinguishable from *Z.H.* While children clearly have an interest in their custody, such an interest does not always give rise to legal standing in a permanent-custody case. Where, as here, the parent does not contest termination of her parental rights and does not seek custody, and where the only interested relative has not appealed the denial of custody, we find the children's injury could not be redressed by this court if we were to reverse the trial court's judgment. *See Z.H.* at ¶ 5. Therefore, we hold that where neither the parent nor the children contest the termination of the parent's rights, the children lack standing to appeal the denial of a relative's petition for custody where the relative did not appeal. *See In re J.B.*, 10th Dist. Franklin Nos. 08AP-1108, 09AP-39, 08AP-1109 and 08AP-1122, 2009-Ohio-3083, at ¶ 18. Therefore, we grant the GAL's motion to dismiss the children's appeal.

Appeals dismissed.

**ZAYAS, P.J.,** concurs.
**MILLER, J.,** concurs in part and dissents in part.

7

**MILLER, J.,** concurring in part and dissenting in part.

{¶17} Does a child have a legal interest in with whom she lives? Can a teenager argue that the juvenile court erred by placing, or not placing, her with an aunt who had petitioned for custody of her? The majority says no. I cannot approve a result that deprives the right to appeal from children whose familial attachment and life direction are being drastically altered. Today's decision isn't about whether the placement of the children with the county is correct. It is about silencing the children on appeal. I therefore dissent in part.

{¶18} The majority relies on one case in reaching its result. In that case, we held that Z.H., a child, possessed standing to appeal. We should reach the same result here.

{¶19} Both *Z.H.* and this case address the question of appellate standing. In particular, was the child aggrieved below, and is she asserting her own legal interest as opposed to that of a third party? Citing R.C. 2151.01, *Z.H.* held that a child could appeal the termination of his parents' parental rights because he had a legal interest in being cared for by his natural parents. *Z.H.*, 1st Dist. Hamilton Nos. C-150301 and C-150305, 2015-Ohio-3209, at ¶ 4. R.C. 2151.01 sets forth the purpose of the juvenile court. It states,

> The sections in Chapter 2151. of the Revised Code * * * shall be ***liberally interpreted and construed*** so as to effectuate the following purposes: (A) To provide for the care, protection, and mental and physical development of children * * * whenever possible, ***in a family environment***, separating the child from the child's parents only when necessary for the child's welfare or in the interests of public safety; (B) To provide judicial procedures through which Chapters 2151. and 2152. of the Revised Code are executed and enforced, and in which the parties are assured of a fair hearing, and

> ***their constitutional and other legal rights are recognized***
>
> ***and enforced.***

(Emphasis added.) R.C. 2151.01

{¶20} A child who is the subject of a juvenile court action is a party thereto. Juv.R. 2(Y). And the majority recognizes that "children clearly have an interest in their custody." Liberally interpreted and construed, "in a family environment" includes, at a minimum, being cared for by an aunt, uncle, grandparent, adult-sibling or other close relative. Recognizing the children's standing to appeal this matter in which they participated as parties below would "provide judicial procedures * * * in which the parties are assured of a fair hearing, and their * * * rights are recognized and enforced." R.C. 2151.01(B).

{¶21} I disagree with the majority's conclusion that the children are attempting to assert the rights of their aunt. They are not. They are seeking to further via appeal their right to be heard regarding their placement. *See In re Williams*, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110 (recognizing that a child is a party to a permanent custody proceeding and is entitled to counsel under certain circumstances). This is the exact conclusion we reached in *Z.H. See Z.H.* at ¶ 6 ("In other words, appellants in those cases were attempting to assert someone else's injury as the basis for their appeals. Here, Z.H. is asserting his own injury."). The children should be permitted to assert their own injury. The cases *Z.H.* distinguished were cases where parents whose rights had been terminated attempted to argue that the children should have been placed with someone else—like mother attempted here. *Z.H.* at ¶ 6. Unlike a parent, a child's interest in her own placement could never be extinguished. The child is always interested.

{¶22} I also disagree with the majority's conclusion that the children's alleged injury is not redressable by this court, thereby depriving us of jurisdiction. The aunt petitioned for legal custody below. Granted, she has not appealed. But we

do not know what this means. The majority presumes that the aunt is no longer interested in having legal custody of the children. Maybe. But maybe she can't afford counsel, doesn't know how to proceed pro se, and is relying on the children's appointed counsel. We simply don't know whether she remains interested. However, this concern goes to our choice of remedy. It does not act to bar the children's right to appeal.

{¶23} If we were to hear this case on the merits, and decide in favor of the children that they should have been placed in the legal custody of their aunt, we could vacate the judgment and remand for a new hearing. The aunt would have the opportunity to petition again. Or if we were convinced that a full hearing would not be needed, we could remand with instructions to order custody be given to the aunt so long as she consents. The point being: perceived difficulty in fashioning a remedy isn't reason to deny appellate standing so long as some remedy is available.

{¶24} Small twists to these facts show the conundrum caused by this holding. Suppose custody had been granted to the aunt, and the children appealed arguing the aunt is abusive and seeking the remedy of being placed with a grandmother who never petitioned for them. Would we conclude that we couldn't hear their appeal?

{¶25} What if the aunt attempted to appeal here, but did so untimely? Would that indication of interest be sufficient to grant standing to the children? What if the aunt filed an amicus brief in support of the children? We could not then say that we were uncertain of the aunt's wishes. Yet, this isn't how standing is traditionally determined. The children have standing in their own right as we recognized in *Z.H.* Their standing is not contingent on an adult's standing. We should decide this matter on the merits.

{¶26} Instead, we are left with the troubling holding that children who are unquestionably parties to the juvenile court proceeding can't assert their own interests on appeal. I would apply *Z.H.* to hold that the children have standing to

appeal—not merely derivative standing if an adult also appeals. I agree with the majority's holding that mother lacks independent standing to appeal because she is not asserting her own injury, but I would allow her brief to be considered as an amicus curiae brief in support of the children. I would then decide the case on the merits.

**Please note:**

> The court has recorded its own entry on the date of the release of this opinion.