Miller, J., concurring in part and dissenting in part.
 

 {¶ 17} Does a child have a legal interest in with whom she lives? Can a teenager argue that the juvenile court erred by placing, or not placing, her with an aunt who had petitioned for custody of her? The majority says no. I cannot approve a result that deprives the right to appeal from children whose familial attachment and life direction are being drastically altered. Today's decision isn't about whether the placement of the children with the county is correct. It is about silencing the children on appeal. I therefore dissent in part.
 

 {¶ 18} The majority relies on one case in reaching its result. In that case, we held that Z.H., a child, possessed standing to appeal. We should reach the same result here.
 

 {¶ 19} Both
 
 Z.H.
 
 and this case address the question of appellate standing. In particular, was the child aggrieved below, and is she asserting her own legal interest as opposed to that of a third party? Citing R.C. 2151.01,
 
 Z.H.
 
 held that a child could appeal the termination of his parents' parental rights because he had a legal interest in being cared for by his natural parents.
 
 Z.H.
 
 , 1st Dist. Hamilton Nos. C-150301 and C-150305,
 
 2015-Ohio-3209
 
 ,
 
 2015 WL 4755282
 
 , at ¶ 4. R.C. 2151.01 sets forth the purpose of the juvenile court. It states,
 

 The sections in Chapter 2151. of the Revised Code * * * shall be
 

 liberally interpreted and construed
 

 so as to effectuate the following purposes: (A) To provide for the care, protection, and
 mental and physical development of children * * * whenever possible,
 

 in a family environment
 

 , separating the child from the child's parents only when necessary for the child's welfare or in the interests of public safety; (B) To provide judicial procedures through which Chapters 2151. and 2152. of the Revised Code are executed and enforced, and in which the parties are assured of a fair hearing, and
 

 their constitutional and other legal rights are recognized and enforced
 

 .
 

 (Emphasis added.) R.C. 2151.01
 

 {¶ 20} A child who is the subject of a juvenile court action is a party thereto. Juv.R. 2(Y). And the majority recognizes that "children clearly have an interest in their custody." Liberally interpreted and construed, "in a family environment" includes, at a minimum, being cared for by an aunt, uncle, grandparent, adult-sibling or other close relative. Recognizing the children's standing to appeal this matter in which they participated as parties below would "provide judicial procedures * * * in which the parties are assured of a fair hearing, and their * * * rights are recognized and enforced." R.C. 2151.01(B).
 

 {¶ 21} I disagree with the majority's conclusion that the children are attempting to assert the rights of their aunt. They are not. They are seeking to further via appeal their right to be heard regarding their placement.
 
 See
 

 In re Williams
 
 ,
 
 101 Ohio St.3d 398
 
 ,
 
 2004-Ohio-1500
 
 ,
 
 805 N.E.2d 1110
 
 (recognizing that a child is a party to a permanent custody proceeding and is entitled to counsel under certain circumstances). This is the exact conclusion we reached in
 
 Z.H.
 

 See
 

 Z.H.
 
 at ¶ 6 ("In other words, appellants in those cases were attempting to assert someone else's injury as the basis for their appeals. Here, Z.H. is asserting his own injury."). The children should be permitted to assert their own injury. The cases
 
 Z.H.
 
 distinguished were cases where parents whose rights had been terminated attempted to argue that the children should have been placed with someone else-like mother attempted here.
 
 Z.H.
 
 at ¶ 6. Unlike a parent, a child's interest in her own placement could never be extinguished. The child is always interested.
 

 {¶ 22} I also disagree with the majority's conclusion that the children's alleged injury is not redressable by this court, thereby depriving us of jurisdiction. The aunt petitioned for legal custody below. Granted, she has not appealed. But we do not know what this means. The majority presumes that the aunt is no longer interested in having legal custody of the children. Maybe. But maybe she can't afford counsel, doesn't know how to proceed pro se, and is relying on the children's appointed counsel. We simply don't know whether she remains interested. However, this concern goes to our choice of remedy. It does not act to bar the children's right to appeal.
 

 {¶ 23} If we were to hear this case on the merits, and decide in favor of the children that they should have been placed in the legal custody of their aunt, we could vacate the judgment and remand for a new hearing. The aunt would have the opportunity to petition again. Or if we were convinced that a full hearing would not be needed, we could remand with instructions to order custody be given to the aunt so long as she consents. The point being: perceived difficulty in fashioning a remedy isn't reason to deny appellate standing so long as some remedy is available.
 

 {¶ 24} Small twists to these facts show the conundrum caused by this holding. Suppose custody had been granted to the aunt, and the children appealed arguing the aunt is abusive and seeking the remedy of being placed with a grandmother who never petitioned for them. Would we
 conclude that we couldn't hear their appeal?
 

 {¶ 25} What if the aunt attempted to appeal here, but did so untimely? Would that indication of interest be sufficient to grant standing to the children? What if the aunt filed an amicus brief in support of the children? We could not then say that we were uncertain of the aunt's wishes. Yet, this isn't how standing is traditionally determined. The children have standing in their own right as we recognized in
 
 Z.H.
 
 Their standing is not contingent on an adult's standing. We should decide this matter on the merits.
 

 {¶ 26} Instead, we are left with the troubling holding that children who are unquestionably parties to the juvenile court proceeding can't assert their own interests on appeal. I would apply
 
 Z.H.
 
 to hold that the children have standing to appeal-not merely derivative standing if an adult also appeals. I agree with the majority's holding that mother lacks independent standing to appeal because she is not asserting her own injury, but I would allow her brief to be considered as an amicus curiae brief in support of the children. I would then decide the case on the merits.