[Cite as *In re A.S.*, 2018-Ohio-1085.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105651**

---

**IN RE: A.S., APPELLANT**
**A Minor Child**

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD16905417

**BEFORE:** McCormack, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 22, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

Paul Kuzmins
Assistant Public Defender
310 Lakeside Ave., Ste. 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEES**

**For CCDCFS**

Michael C. O'Malley
Cuyahoga County Prosecutor

Michael F. Kulcsar
Joseph C. Young
Assistant County Prosecutors
3955 Euclid Ave., Room 305E
Cleveland, OH   44115

**For B.M.**

Suzanne H. Adrain-Piccorelli
255 Falmouth Drive
Rocky River, OH 44116

**For Q.S.**

Q.S., pro se
293 Pasadena Avenue
Elyria, OH 44035


**GUARDIAN AD LITEM FOR MOTHER**

Rachel A. Kopec
1360 E. 9th Street, Suite 910
Cleveland, OH 44114

**GUARDIAN AD LITEM FOR CHILD**

Mark Novak
4154 Ardmore Road
Cleveland, OH 44121


TIM McCORMACK, J.:

{¶1} Appellant A.S. appeals the juvenile court's award of temporary custody of A.S. to the Cuyahoga County Department of Children and Family Services ("DCFS"). For the reasons that follow, we affirm the juvenile court's award.

**Procedural and Substantive History**

{¶2} On April 4, 2016, DCFS filed a complaint alleging A.S. to be neglected and requesting a disposition of legal custody to the mother and protective supervision to the agency. At the time the complaint was filed, A.S.'s father had legal custody, but A.S. was living with his mother. The complaint alleged that A.S.'s mother had failed to send A.S. to school on a consistent basis, citing over one hundred unexcused absences throughout the school year and the mother's failure to respond to the agency's concerns relative to A.S.'s educational needs.

{¶3} On April 11, 2016, the court appointed a guardian ad litem for A.S.

{¶4} On April 22, 2016, DCFS amended the complaint to request temporary custody to the agency. The amended complaint cited concerns related to the mother's judgment, parenting skills, and mental health. Also on April 22, DCFS filed a motion requesting an order granting the agency predispositional temporary custody pending resolution of the complaint.

{¶5} DCFS subsequently amended the complaint's prayer for relief to request legal custody be given to A.S.'s father.

{¶6} On June 15, 2016, the court appointed a guardian ad litem for A.S.'s mother. During a hearing before a magistrate on that same day, the court approved the agency's request to hold its April 22 motion for predispositional custody in abeyance.

{¶7} On July 19, 2016, a hearing on the agency's complaint was held before a magistrate and A.S. was adjudicated neglected.

{¶8} A dispositional hearing was held on January 25, 2017. After hearing testimony, including testimony from A.S.'s father that he would not take legal custody of A.S., the magistrate awarded temporary custody to the agency.

{¶9} On February 8, 2017, A.S.'s mother filed objections to the magistrate's decision granting temporary custody to the agency.

{¶10} On April 4, 2017, the juvenile court overruled these objections and upheld the magistrate's decision.

{¶11} A.S. now appeals the magistrate's decision.[1]

**Law and Analysis**

{¶12} As an initial matter, we address whether A.S. has standing to bring this appeal. We are persuaded by the parties' arguments on this issue.

{¶13} It is clear that a minor child is a party to child protection proceedings, including those involving temporary custody. Juv.R. 2(Y). It is similarly well established that a finding of neglect or dependency followed by an award of temporary custody is "an order which, in effect, determines the action" and therefore constitutes a final appealable order. *In re Murray*, 52 Ohio St.3d 155, 566 N.E.2d 1169 (1990). It follows, then, that a minor child has a distinct

---

[1]A.S.'s mother also appealed the magistrate's decision to this court, but that appeal was dismissed pursuant to App.R. 18(C) when appellant failed to file a brief.

interest in temporary custody proceedings; this interest has been recognized by the Ohio Supreme Court. *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 7 ("Children and their parents have an interest in reunification following a temporary-custody order.").

{¶14} In light of the foregoing considerations, we find that A.S. has standing to appeal a trial court decision awarding temporary custody to DCFS. This finding is in accordance with similar decisions from other Ohio courts. The Sixth District has recognized that where a minor child is the subject of a permanent custody proceeding, the child has standing to appeal a trial court's judgment granting permanent custody to a children services agency where the minor's interest in being cared for by his biological parent has been adversely affected by the court's judgment. *In re S.S.*, 6th Dist. Lucas Nos. L-16-1234 and L-16-1243, 2017-Ohio-4474, ¶ 1. The First District similarly noted that a child "has a legal interest in being cared for by his or her natural parents." *In re Z.H.*, 1st Dist. Hamilton Nos. C-150301 and C-150305, 2015-Ohio-3209, ¶ 4. While these decisions dealt with permanent custody proceedings, the rationale is also applicable to temporary custody proceedings. Although an award of temporary custody is, by definition, a less drastic outcome than an award of permanent custody, it is still a situation in which a minor's interest in being cared for by his biological parent has been adversely affected. Therefore, we find that A.S. has standing to bring this appeal.

{¶15} While DCFS did not contest whether A.S. had standing to bring this appeal, it argues that because A.S. failed to object to the magistrate's decision at the trial court, he should be barred from pursuing this appeal. Accordingly, DCFS argues that this appeal should be decided under plain error review.

{¶16} In his sole assignment of error, A.S. argues that the trial court erred in granting temporary custody to the agency.

**{¶17}** Ordinarily, we review a juvenile court's award of temporary custody for abuse of discretion. *In re S.E.*, 8th Dist. Cuyahoga No. 96031, 2011-Ohio-2042, ¶ 13. Because A.S. failed to object to the magistrate's decision or join in his mother's objection, however, he has waived all but plain error review. "Plain error does not exist unless, but for the error, the outcome at trial would have been different." *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990). "A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.,* 70 Ohio St.2d 207, 209, 436 N.E.2d 1001 (1982). A.S. has shown neither an abuse of discretion nor plain error in this case.

**{¶18}** A juvenile court must find that an award of temporary custody is supported by a preponderance of the evidence. *In re Ka.C.*, 8th Dist. Cuyahoga Nos. 102000, 102002, 102005, 102006, 2015-Ohio-1158, ¶ 20. Preponderance of the evidence is "'evidence that is more probable, more persuasive, or of greater probative value.'" *In re C.V.M.*, 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7, quoting *In re D.P.*, 10th Dist. Franklin Nos. 05AP-117 and 05AP-118, 2005-Ohio-5097, ¶ 1.

**{¶19}** Here, A.S. argues that an award of temporary custody to the agency was not supported by the evidence in the record. In support of this argument, A.S. asserts that all of the allegations in the complaint had been addressed by the time of the dispositional hearing and that each area of need listed in the case plan was being addressed. First, A.S. argues that his educational issues had been mitigated. Specifically, A.S. cites testimony from the social worker assigned to the case that he had shown "remarkable improvement" in attendance since the complaint was filed. Second, A.S. asserts that his mother's basic needs and mental health

issues were being addressed in accordance with the case plan. In support of this, he notes that the mother had received some mental health treatment.

{¶20} While A.S.'s attendance had improved between the filing of the complaint and the date of the dispositional hearing, his characterization of the progress made is superficial and misleading. The complaint was originally filed based on concerns of educational neglect. Specifically, A.S. had failed seventh grade twice and was on track to fail for a third time. This was due in large part to excessive absences; the complaint noted this. The complaint was amended to request temporary custody when the agency developed concerns that A.S.'s mother lacked proper judgment and parenting skills. This was based on her demonstrated inability to meet A.S.'s educational needs, as well as her ongoing lack of engagement and cooperation with the agency and other services.

{¶21} A.S. is enrolled in an online program through the Electronic Classroom of Tomorrow ("ECOT"). ECOT records show that his attendance — in this case, logging in to a computer program — has significantly improved. Despite this, A.S. was failing all of his classes at the time of the dispositional hearing, and the record shows that he had not been engaging in class or completing his schoolwork.

{¶22} Without belittling the significance of A.S.'s improved attendance, we find that improved attendance alone does not mitigate the issues of educational neglect alleged in the complaint.

{¶23} Further, a comprehensive review of the record shows that A.S.'s mother was not compliant with the proposed case plan. The mental health issues in the complaint were not adequately addressed, and she consistently declined to engage in recommended services.

**{¶24}** Finally, in addition to the issues discussed above, the record shows that A.S. has behavioral needs that were not being met by either parent. While not explicitly outlined in the complaint, these behavioral issues were recognized by all parties as ongoing. Further, these issues were the reason that A.S.'s father stated that he did not want legal custody of A.S. Nothing in the record indicated that these behavioral issues were being addressed by either parent.

**{¶25}** The magistrate in this case heard extensive testimony related to the allegations in the complaint and made a determination that was supported by competent and credible evidence. Subsequently, the juvenile court independently reviewed the record, including the audio transcript of the dispositional hearing, and affirmed, approved, and adopted the magistrate's decision. A review of the record makes it clear that the award of temporary custody was supported by significant evidence that such a decision was in A.S.'s best interests. Therefore, we find that the award of temporary custody to DCFS does not amount to plain error.

**{¶26}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the juvenile court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR